363 P.2d 80

**ARCH DAM CONSTRUCTORS,**
**Plaintiff,**

v.

**STATE TAX COMMISSION of Utah,**
**Defendant.**

**No. 9384.**

Supreme Court of Utah.

June 22, 1961.

Clyde & Mecham, Richard L. Dewsnup, Salt Lake City, for plaintiff.

Walter L. Budge, Atty. Gen., Norman S. Johnson, Asst. Atty. Gen., for defendant.

CALLISTER, Justice.

The State Tax Commission determined that certain vehicles of Arch Dam Constructors, being operated exclusively on the Flaming Gorge Dam access road, were subject to registration and license fees.[1] Certiorari brings the matter before us for review, the sole question being whether the access road is a "highway" as defined in Section 41–1–1(bb).[2] If it is, the Commission's determination must be upheld, otherwise not.

The facts are undisputed. Arch Dam Constructors are engaged in the construction of the Flaming Gorge Dam on the Green River in the northeastern portion of Utah pursuant to a contract with the U. S. Bureau of Reclamation. The contract provided for the building of the access road and required the contractor to maintain and keep it open for the use of the general public. The road is entirely upon lands owned and withdrawn or reserved by the United States. It is conceded that the road has not been officially dedicated or abandoned to public use. The Bureau intends to permit the public to use the road until 1962 or 1963, at which time certain portions will be inundated. At the request of the Bureau, the State Highway Patrol has assumed jurisdiction of the access road for the administration and enforcement of the state traffic laws and regulations.

It is the position of the contractor that the phrase "as a matter of right," as used in Section 41–1–1(bb), means a legally enforceable right to use the road by the public as against the owner of the land. The Commission, on the other hand, contends that the phrase has a broader meaning and that "right" includes whatever may be lawfully claimed. The "right" in the instant case, argues the Commission, is the right of the public, as a third party beneficiary, to force the contractor to maintain and keep open the road in accordance with the provisions of the contract between the Bureau and the contractor.

As to whether or not the public would have a legally enforceable claim against the contractor by virtue of the contract, we need not determine, for we are constrained to adopt the contractor's interpretation of Section 41–1–1(bb). That the phrase, "as a matter of right," means a legally enforceable right against the owner of the land is supported by other sections of our Motor Vehicle Code. In addition to Section 41–1–1(bb), the code contains three other statutory definitions of "highway." In the chapter relating to the licensing of oper-

1. 41–1–19, U.C.A.1953: "Every motor vehicle, combination of vehicles, trailer and semitrailer, when driven or moved upon a *highway*, shall be subject to the registration and certificate of title provisions of this act * * *." (Emphasis ours.)

2. "The entire width between property lines of every way or place of whatever nature when any part thereof is *open to the public, as a matter of right*, for purposes of vehicular traffic." (Emphasis ours.)

ators and chauffers, the definition is identical with the one under consideration.[3] The chapter dealing with traffic rules and regulations defines "highway" as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purpose of vehicular traffic."[4] And, in the chapter providing for taxation of motor fuels, "highway" is defined to "mean and include every way or place, of whatever nature, generally open to the use of the public for the purpose of vehicular travel notwithstanding that the same may be temporarily closed for the purpose of construction, reconstruction, maintenance or repair."[5]

The phrase, "as a matter of right," is not found in the latter two definitions and therefore it must be recognized that the legislature, by including it in Section 41–1–1(bb), meant to narrow and restrict the meaning of "highway" as it related to the Commission's authority to impose registration and license fees. That it was the intent of the legislature to confine this authority to vehicles operating on roads to which the public has a legally enforceable right as against the owner thereof is substantiated by the language of Section 41–6–18:

"Nothing in this act shall be construed to prevent the owner of real property *used by the public for purposes of vehicular travel by permission of the owner and not as a matter of right* from prohibiting such use, or from requiring other or additional conditions than those specified in this act, or otherwise regulating such use as may seem best to such owner." (Emphases added.)

The access road, being open to the public only by the revocable permission of the United States, is not a "highway" within the meaning of Section 41–1–1(bb).

Order reversed.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.